**Elsie PETERSON and Arthur S. Peterson,
Appellants,**

v.

**SUNSHINE MUTUAL INSURANCE
COMPANY, a foreign corpora-
tion, Appellee.**

**No. 16196.**

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1959.

**54**

P. W. Lanier, Jr., Fargo, N. D., for appellants.

Clifford Jansonius, Bismarck, N. D., for appellee.

Before SANBORN, VAN OOSTER-HOUT and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a declaratory judgment in favor of the Sunshine Mutual Insurance Company, of Sioux Falls, South Dakota, entered February 5, 1959.

The appellants, Elsie Peterson and Arthur S. Peterson, citizens of Minnesota, on August 20, 1956 sustained bodily injuries and property damage when their automobile, traveling on a North Dakota state highway near Garrison, North Dakota, collided with an automobile driven by Walter Mai. The Insurance Company, on or about April 14, 1956, had issued to Richard Mai a policy insuring him, and any person using his 1949 Oldsmobile with his permission, against liability for bodily injuries and property damage arising out of the use of his automobile.[1] This was the automobile that Walter Mai was driving when the collision occurred and the Petersons were injured. They claimed that the accident and the injuries and property damage sustained by them as a result were due to the negligence of Walter Mai and that his liability was covered by the policy issued to Richard Mai. The Company disclaimed liability, and on January 10, 1958, brought this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, against Walter Mai, Richard Mai, Elsie Peterson and Arthur S. Peterson, basing jurisdiction upon diversity of citizenship and amount in controversy. The Company asked in its complaint that the court determine the rights and liabilities of the parties under the provisions of the policy.

The case was tried to the court, the controlling issue being whether Walter Mai was, at the time of the accident, using the automobile referred to in the policy with the permission of Richard Mai, the named insured, within the

---

1. The "omnibus clause" of the policy read as follows:

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *"

meaning of the "omnibus clause" of the policy. The court determined that Walter Mai was using the automobile of Richard without his permission, and that the Company was not liable under the policy for the injury or damage for which Walter Mai might be held responsible. Judgment was entered accordingly, and this appeal followed.

The facts found by the court, and upon which it based its conclusion that the Company was not liable, under its policy, for injury and damage sustained by the Petersons, for the most part are not in issue. Findings which are uncontroverted are to the effect that the automobile which Walter Mai was driving belonged to his brother Richard; that within approximately one month after purchasing the automobile and procuring the automobile liability policy in suit, Richard left North Dakota; that he secured employment in Montana and became a resident of that State; that he left his automobile with his brother Theodore Mai at the latter's residence in Dunn County, North Dakota, for Theodore's unrestricted use; that within a few days after Richard had left North Dakota, Walter obtained the automobile from Theodore, with Theodore's permission, and used and continued to use and operate it as his (Walter's) own until the time of the accident; that, after having taken possession of the automobile, Walter made four monthly installment payments upon the purchase price; that at the time of the accident the use of the automobile by Walter was without express permission from Richard and was solely for Walter's own purposes; and that the possession, use, control and operation of the automobile by Walter was unknown to Richard and was without his express consent or acquiescence. The court further found that this use of the automobile by Walter was without Richard's implied consent and that Richard had not authorized or granted permission to Theodore to transfer possession of the automobile to Walter for his use.

The question, then, is whether, under applicable North Dakota law, the permission given by Theodore to Walter to possess and use Richard's automobile compelled the conclusion that Walter was an additional insured by virtue of the "omnibus clause" of the policy.

In Johnson v. State Farm Mut. Automobile Ins. Co., 8 Cir., 194 F.2d 785, which arose in Nebraska, and which factually is similar to the instant case, this Court sustained the trial court's determination that, under Nebraska law, the automobile liability insurer was not liable. We said at page 787 of 194 F.2d:

"There is no occasion for us further to discuss appellant's contention that the trial court's declaration of Nebraska law was erroneous, other than perhaps to add, as we have many times previously said, that, in diversity of citizenship cases, on unestablished questions of state law, we will accept the trial judge's considered appraisal of the local law of his jurisdiction, unless we have a clear conviction that he is in error. See e. g., National Bellas Hess, Inc. v. Kalis, 8 Cir., 191 F.2d 739; Western Cas. & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40; Nolley v. Chicago, M., St. P. & P. R. Co., 8 Cir., 183 F.2d 566."

See, also, Bekaert v. State Farm Mutual Automobile Ins. Co., 8 Cir., 230 F.2d 127.

It is argued on behalf of the appellants that, under the facts of the instant case, the Supreme Court of North Dakota would hold that, under the applicable law of that State, the policy covered Walter Mai as an additional assured while he was driving the automobile of Richard with Theodore Mai's permission. The appellants rely upon language found in the case of Persellin v. State Automobile Ins. Ass'n, 75 N.D. 716, 32 N.W.2d 644. If Theodore Mai had been, at the time of the accident, in possession and control of, and a passenger in, the automobile driven by Walter, the Persellin case would sustain the appellants' contention. A permittee can, of course, use or share in the use of an automobile without actually driving it, and, under North Dakota law as announced in the

Persellin case, make anyone he asks to drive it for him legally responsible for the use of the automobile and therefore an additional insured under an "omnibus clause" of a liability policy. What was said by the Supreme Court of North Dakota in the Persellin case was said with relation to the facts of that case, where the permittee—unlike Theodore Mai—was in control of the automobile and was riding with the driver, Persellin, who had been asked to drive by the permittee.

In denying the petition for a rehearing of the Persellin case, the North Dakota Supreme Court said at page 647 of 32 N.W.2d:

"Thus if the user of the automobile has the permission of the named insured to use and if such user is using the automobile for a permitted purpose at the time a legal liability is incurred, then the user and any other person legally responsible for the use are insured persons under the policy. We see no other reasonable construction."

In the instant case the automobile of Richard Mai was not being used for or by Theodore, nor at his request or direction.

In a situation such as is present here, where the case turns upon a doubtful question of State law, this Court will accept the considered views of the trial judge as to the applicable local law, unless convinced of error. As we said recently in Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733:

"This case in principle differs in no controlling respect from others in which this Court has consistently refused to attempt to outpredict, outforecast or outguess a trial judge with respect to a doubtful question of the law of his State."

One reasonably may believe that the use and operation of the Richard Mai automobile by Walter Mai, without the knowledge, consent or permission of Richard, and with only the consent of Theodore, who, at the time of the accident, was not a passenger in and had nei-

ther possession nor control of the automobile, did not make Walter Mai an additional insured within the meaning of the "omnibus clause" of the policy. It is our opinion that the ruling of the District Court is not based upon any misconception or misapplication of the applicable local law.

The judgment appealed from is affirmed.