Dan Joe CHERRY, Jr.

v.

ALCOA STEAMSHIP COMPANY, Inc., a body corporate.

Civ. No. 13512.

United States District Court
D. Maryland.

March 22, 1962.

Bernard M. Imber and Wilfred T. Mc-Quaid, Baltimore, Md., for plaintiff.

Robert H. Williams, Jr., and Niles, Barton, Gans & Markell, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant has moved to dismiss Counts One and Three of the complaint.

A.   Count One alleges that the case comes within the maritime and admiral-

ty jurisdiction of this Court, and is based upon diversity of citizenship and the requisite amount in controversy. It specifically alleges a claim under the Jones Act, 46 U.S.C.A. § 688, and joins therewith, in paragraph 12, a claim based on unseaworthiness. It is unnecessary to set out the facts at length; it is sufficient to note that the two claims are based upon the same physical condition, acts, neglect or default.

Defendant correctly argues that unseaworthiness is not a basis for recovery under the Jones Act. Therefore, it is always desirable to state the two claims in separate counts, and this Court will require that they be separately stated where the facts giving rise to the two claims are not the same, or if the plaintiff is not entitled to a jury trial on the issue of unseaworthiness. Here, however, the facts alleged as the basis of the two claims are the same, and since this is a diversity case the plaintiff is clearly entitled to a jury trial on the issue of unseaworthiness. Cf. Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, at 331 n. 4, 81 S.Ct. 6, 5 L.Ed.2d 20. Under these circumstances the Court will not dismiss Count One, nor strike paragraph 12 thereof, which is the alternative relief requested by the motion.

In passing, it should be noted that paragraph 3 of Count One is defective in that it alleges simply the state of incorporation of the defendant and does not negate a principal place of business in Maryland. See 28 U.S.C.A. § 1332(c), as amended July 25, 1958, 72 Stat. 415; Form 2, F.R.Civ.P., as amended, effective July 19, 1961, 28 U.S.C.A. The Court assumes this to be an oversight, and will permit an amendment by interlineation if plaintiff can properly make the allegation. If not, the Court will hear further argument on whether paragraph 12 should be stricken from Count One, and whether plaintiff is entitled to a jury trial on a claim based on alleged unseaworthiness.

B. Count Two is an ordinary claim for maintenance and cure. Count Three alleges: "That the Plaintiff has been compelled to maintain himself while receiving medical attention and while unable to resume his normal duties, and the Plaintiff claims damages for maintenance and cure." It is impossible to tell from that brief paragraph whether Count Three is a duplication of Count Two, or is intended to allege a different claim, and if so, what sort of claim.

### Order.

The motion to dismiss Count Three is hereby granted, with leave to amend in twenty days. The other relief requested by the motion will be denied if plaintiff makes the suggested amendment.