356 F.2d 924
 Ashley L. ROBISON, Plaintiff-Appellant,
v.
Josephine B. CASTER, Executrix of the Estate of Louis E.
Caster, deceased, Defendant-Appellee.
TRANS AMERICA TELEVISION CORPORATION, a Nevada Corporation,
on Behalf of Itself and All Other Stockholders of
WDUL Television Corp., a Delaware
Corporation, Plaintiff-Appellant,
v.
Josephine B. CASTER, Executrix of the Estate of Louis E.
Caster, deceased, and WDUL Television Corp., a
Delaware Corporation, Defendants-Appellees.
 Nos. 15166, 15167.
 United States Court of Appeals Seventh Circuit.
 Feb. 10, 1966.
 
 Thomas Keister Greer, Rocky Mount, Va., James Madden, Hunter, Hunter & Hunter, Freeport, Ill., for appellants.
 William C. Jackson, Barrick & Jackson, Rockford, Ill., for Josephine B. Caster, Exx. of Estate of Louis E. Caster, decd., defendant-appellee, Peter, S. Switzer, Rockford, Ill., of counsel.
 Before KNOCH, CASTLE and SWYGERT, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 The plaintiffs in these diversity cases appeal from orders dismissing their respective complaints. The complaints are based upon the same alleged series of events. The first complaint, dismissed for failure to state a claim upon which relief could be granted, attempts to set out a claim for conspiracy to defraud; the second, dismissed for failure to comply with Rule 23(b) of the Federal Rules of Civil Procedure, attempts to assert a stockholders' derivative claim for fraudulent breach of fiduciary duties.
 
 
 2
 In the first complaint the plaintiff, Ashley L. Robison, names a single defendant, the executrix of the estate of Louis E. Caster, Josephine B. Caster. The complaint alleges that Louis E. Caster and two other persons, L. F. Gran and Bruce Gran, organized WDUL Television Corporation in 1958 and received its 500 shares of stock; that these persons formed a conspiracy to defraud the plaintiff; that in pursuance of the conspiracy they prevailed upon the plaintiff to purchase 150 shares of stock in WDUL for $15,000, to take an option for the remaining 350 shares, and to become WDUL's general manager. The complaint then alleges that the defendant's decedent and his coconspirators concealed the sale of stock, the stock option given to the plaintiff, and 'numerous other material facts' concerning WDUL from the Federal Communications Commission, and that as a result the FCC refused to grant WDUL a construction permit, rendering the plaintiff's investment worthless. Next, the complaint charges that the conspirators fraudulently induced the plaintiff to expend $250,000 in the affairs of WDUL; that they failed to pay the remainder of the subscription price ($95,000) for their own stock; that they failed to fulfill a commitment to loan $290,000 to WDUL; and that they sought 'in divers ways and by manifold schemes' to prevent the plaintiff from exercising his stock option. The complaint concludes with a prayer for $5,000,000 damages.
 
 
 3
 The district court granted the defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted, and dismissed it with prejudice. The court held that the complaint did not plead fraud with the required specificity. It further held that insofar as the complaint might be viewed as an attempt to bring some kind of minority stockholder's suit in equity against majority stockholders, it was improperly brought.
 
 
 4
 Reading the complaint in the light most favorable to the plaintiff and disregarding the bare assertions of a conspiracy to defraud, we find nothing more than an alleged concealment of a stock transfer from the FCC and an alleged failure to honor financial commitments to a corporation. Rule 9(b) of the Federal Rules of Civil Procedure provides that 'in all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity.' The complaint before us is so insufficient in particularization as to indicate that no attempt was made to comply with this rule; thus the complaint was properly dismissed. Duane v. Altenburg, 297 F.2d 515, 518 (7th Cir. 1962).
 
 
 5
 The plaintiff contends that the complaint is not actually an attempt to allege a 'common law' fraud at all, that it is really an equitable claim asserting only the breach of a fiduciary relationship to a minority shareholder by the majority shareholders (in this case a single shareholder) of a corporation. Aside from the fact that such an identification of the content of the complaint approaches clairvoyance, the complaint viewed in this manner is equally deficient. The plaintiff admits that the breach of fiduciary relationship which he is attempting to assert is a 'scheme to defraud.' Rule 9(b) must therefore be followed. Duane v. Altenburg, supra. Yet the plaintiff's complaint asserts only that a scheme existed and that he is entitled to $5,000,000 because of it.
 
 
 6
 The second case is a stockholders' derivative action brought by Trans America Television Corporation on behalf of itself and the other shareholders of WDUL Television Corporation. WDUL and Josephine B. Caster, as executrix of the estate of Louis E. Caster, are the named defendants. The complaint contains many of the same allegations present in the complaint filed by Ashley L. Robison. It alleges the formation of WDUL and the issuance of 500 shares of stock. It charges that the original directors of WDUL, including Louis E. Caster, formed a conspiracy to defraud WDUL by making false statements to the FCC 'concerning the financial structure and organization' of WDUL. The complaint charges that the conspirators paid only $5,000 of a purported capital contribution of $100,000 to WDUL and that they breached an agreement to loan WDUL $290,000.
 
 
 7
 The complaint further alleges the sale of stock and the grant of a stock option to Ashley L. Robison in September, 1959, the concealment of these transactions from the FCC, and the resulting failure to obtain a FCC construction permit.
 
 
 8
 The transfer of Robison's stock to Trans America 'shortly after' its purchase is then set out. The complaint states that Trans America has owned 150 shares of WDUL stock since September, 1959. It is also alleged that the surviving conspirator-directors and the estate of Louis E. Caster own and control the remaining stock of WDUL, that they are antagonistic to the plaintiff, and that a demand that they correct the wrongs described would be futile.
 
 
 9
 A second count in the complaint alleges breaches of contracts totalling $385,000 in connection with the unpaid capital contributions and loan obligations to WDUL.
 
 
 10
 The complaint demands a judgment for damages of $5,000,000 against the defendant, Josephine B. Caster, as executrix of the estate of Louis E. Caster, and in favor of Trans America.[1]
 
 
 11
 The district court dismissed this second complaint for failure to comply with Rule 23(b)[2] of the Federal Rules of Civil Procedure, relating to stockholders' derivative suits.[3] The court held that the complaint contained no allegation that Trans America was a shareholder at the time of the acts complained of and that Trans America had not satisfactorily set forth its reasons for not making a demand upon the directors and officers of WDUL to take corrective action. The court gave the plaintiff sixty days leave to amend its complaint to comply with rule 23(b). The plaintiff, however, elected to stand on its pleading, and a dismissal order was entered.
 
 
 12
 We agree with the district judge that the complaint does not comply with rule 23(b) and hold that it was properly dismissed for that reason. The complaint alleges that the plaintiff became a shareholder in WDUL by the transfer of stock to it from Rebison 'shortly after' Robison purchased the stock in September, 1959. The complaint also recites that WDUL was organized in 1958. The complaint nowhere alleges, however, when the acts complained of occurred. The time at which the alleged concealment of Robison's stock transactions with the conspirators took place is not stated. The concealment may have occurred between Robison's purchase and the transfer of the stock to the plaintiff or after such transfer. Similarly, the dates upon which the allegedly unpaid capital contributions and loan obligations became due is left to surmise. Thus the complaint fails to allege that the plaintiff was a shareholder at the time of the acts complained of.
 
 
 13
 The complaint does not allege that any demand upon the directors of WDUL to take the action desired by the plaintiff was made. Instead, the complaint contains a lengthy general allegation that such a demand would be futile. The district judge was not satisfied with this empty allegation, particularly since the suit was brought against the estate of one of the directors of WDUL and not against the surviving directors. In these circumstances we are inclined to defer to the discretion of the district judge in determining the necessity of a demand. Further, the plaintiff was given sixty says in which to amend its complaint to comply with rule 23(b). The reasons for its failure to take advantage of this opportunity are, of course, immaterial, but the fact remains that it did not do so.
 
 
 14
 The orders of dismissal are affirmed.
 
 
 
 [1]
 The demand for judgment is in favor of Trans America rather than in favor of WDUL. This error has gone substantially unnoticed, and, in view of our disposition of the points raised, will not be considered
 
 
 [2]
 Fed.R.Civ.P. 23(b) reads in part:
 In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law * * *. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors * * * such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort.
 
 
 [3]
 The court's order also recited that the complaint was being dismissed for failure to state a claim upon which relief could be granted. The memorandum opinion of the district judge, however, does not assign this as a reason for dismissal