McNair, Appellant, *v.* American Insurance
Company.

Argued March 13, 1967. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*James W. Evans*, with him *Goldberg, Evans & Katzman*, for appellant.

*John C. Dowling*, with him *Dowling and Dowling*, for appellee.

OPINION BY HOFFMAN, J., June 16, 1967:

This is an appeal from an order of the Court of Common Pleas of Dauphin County entering judgment in favor of appellee, American Insurance Company, and against appellant, Allen V. McNair.

This case was presented before the lower court as a Case Stated. The agreed facts were:

"1. On July 29, 1959, Vincent Samuel Findley, then in the United States Marine Corps at Camp Lejeune, North Carolina, loaned the insured vehicle, bearing 1959 Pennsylvania License No. 373092, to Acting Gunnery Sergeant John E. Anderson, USMC, for use by Anderson while Findley was in the Mediterranean Sea on duty, to end approximately March 1, 1960.

"2. Anderson and Findley were personal friends, and Findley was not to receive any consideration from Anderson for the use of the insured vehicle.

"3. Anderson agreed with Findley to be responsible for the maintenance and repairs to the insured vehicle in Findley's absence.

"4. Findley placed no restriction upon Anderson's use of the insured vehicle, and the use to be made of the insured vehicle, by Anderson in Findley's absence, was at the discretion of Anderson.

"5. Anderson and plaintiff were friends and members of the United States Marine Corps, but plaintiff was unknown to Findley.

"6. On December 15, 1959, Anderson loaned the insured vehicle to plaintiff at Camp Lejeune, North Carolina, for use by plaintiff to go to Middletown, Pennsylvania, during the Christmas holiday of 1959."

While driving Findley's automobile in Pennsylvania, appellant was involved in an accident. Suit was instituted against appellant. The insurance company,

which had issued the liability policy on this automobile to Findley in North Carolina in 1959, refused to defend appellant, however, on the ground that he was not operating the automobile with the permission of Findley, the named insured.[1] The suit against appellant was eventually settled. Appellant then brought this action in assumpsit to recover the amount of the settlement plus reasonable attorney's fees, a total of $3,395.99, with interest from September 25, 1962. The question for us to resolve, in this case, is whether appellant was an insured within the meaning of the omnibus clause of this policy.

In deciding this case, we are fully aware that this question has been the subject of much litigation in virtually every jurisdiction. It would further appear that there is a great division in authority throughout the States as to the scope of the omnibus clause in automobile liability policies. See in particular the excellent annotation at 4 A.L.R. 3d 10.

The parties have agreed, however, that the interpretation of this insurance contract is governed by the law of North Carolina. Accordingly, our decision in this case must be based solely upon our understanding of the decisions emanating from that State.

The leading case in North Carolina which considers the omnibus clause is *Hawley v. Indemnity Insurance Company of North America*, 257 N.C. 381, 126 S.E. 2d 161 (1962). Significantly, this case is relied upon by

---

[1] An "insured" within the terms of the "omnibus" clause of the policy was defined as follows:

"Definition of Insured.

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

both appellant and appellee in support of their respective positions.

In the *Hawley* case, the Supreme Court of North Carolina set forth the following three rules which have generally been applied throughout the country in interpreting the omnibus clause in automobile insurance policies:

(a) The strict or conversion rule requiring not only initial permission to use the vehicle, but also permission for the particular use at the time in question;

(b) The liberal or initial permission rule, sometimes referred to as the "hell or high water rule," requiring only the initial permission to the use of the vehicle in the first instance, it being immaterial whether the use at the time in question was contemplated when possession was surrendered; and

(c) The moderate or minor deviation rule, which states, in the language of the North Carolina Supreme Court, "A material deviation from the permission given constitutes a use without permission but a slight deviation is not sufficient to exclude the employee from the coverage under the omnibus clause."

In *Hawley*, the Supreme Court adopted this last rule as the law of North Carolina. The court also set out the following general principles:

"Permission which gives coverage under the omnibus clause may be either express or implied. Hooper v. Casualty Co., 233 N.C. 154, 158, 63 S.E. 2d 128. This is the universally accepted rule. . . . Indeed, compliance with the requirements of the Motor Vehicle Safety and Financial Responsibility Act (G.S., Ch. 20, Art. 9A) necessitates coverage of all who use the insured vehicle with the permission, express or *implied,* of the named insured. Whether the permission be expressly granted or impliedly conferred, it must originate in the language or the conduct of the named insured or someone having authority to bind him or it in that respect. Hooper v. Casualty Co., supra. . . .

"A general or comprehensive permission is much more readily to be assumed where the use of the insured motor vehicle is for social or nonbusiness purposes than where the relationship of master and servant exists and the usage of the vehicle is for business purposes. . . . Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is a mutual acquiescence or lack of objection under circumstances signifying assent. Hinton v. Indemnity Ins. Co. of North America, 175 Va. 205, 8 S.E. 2d 279 (1940)." 126 S.E. 2d at 164-65.

The *Hawley* case, however, is not directly applicable in our case. First, the *Hawley* case is concerned only with the uses permitted to an original permittee, not, as in our case, with the right of an original permittee to delegate the use of the automobile to a sub-permittee. Moreover, *Hawley* involves an employer-employee relationship, whereas the Supreme Court of North Carolina recognizes that a general or comprehensive permission is more readily assumed in a relationship which is purely social and nonbusiness in nature.

A later North Carolina case which deals more directly with the issues now before us is *Bailey v. General Insurance Company of America,* 265 N.C. 675, 144 S.E. 2d 898 (1965). In *Bailey* the insured's daughter, "had rather free use of the insured vehicle." She left the automobile at the home of a schoolmate who had occasionally used the automobile in the past. The schoolmate and her boyfriend took the automobile but were involved in a crash while the boyfriend was driving.

The Supreme Court of North Carolina held that the boyfriend was not an insured within the meaning of the policy. The court, adopting the "moderate" rule set forth in *Hawley* then stated:

"However, the relationship between the owner and the user, such as kinship, social ties, and the purpose of the use, all have bearing on the critical question of the owner's implied permission for the actual use. [citing cases.]

"In this case there is no evidence the named insured had ever seen the driver, Harbison, except on one occasion and that was months before the accident. Evidence is lacking that the owner ever permitted Harbison to drive the insured vehicle or had any knowledge that he had ever done so. *Actually, there is no evidence the insured's daughter, Frankie, consented for Harbison to operate the vehicle or knew that he was operating it at the time of the accident. There is no evidence she had authority to give her father's permission for Harbison to drive it on the night of the accident. Ordinarily, one permittee does not have authority to select another permittee without specific authorization from the named insured.* Hays v. Country Mutual Ins. Co., 28 Ill. 2d 601, 192 N.E. 2d 855; Peterson v. Sunshine Mutual Ins. Co., 273 F. 2d 53 (8th Cir.); West v. McNamara, 159 Ohio St. 187, 111 N.E. 2d 909; Hamm v. Camerota, 48 Wash. 2d 34, 290 P. 2d 713; 160 A.L.R. p. 1195 et seq.; 5 A.L.R. 2d 666." (Emphasis supplied)

Appellant argues, however, that the holding in *Bailey* results only from the fact that the daughter had never consented to the boyfriend's use of the car; that if the boyfriend in *Bailey* had received permission from the daughter, who had free use of the automobile, he would have been an additional insured under the omnibus clause, despite the absence of any direct contact between him and the named insured.

We agree with appellant that the statement of the Supreme Court of North Carolina that a permittee does not ordinarily have authority to select another permittee without specific authorization from the named insured is not a direct holding in that case. This dictum, however, is entitled to great weight and consideration in the absence of any direct holding on the question. Cf. *Rush v. Allegheny County*, 159 Pa. Superior Ct. 163, 165, 48 A. 2d 46 (1946). Moreover, this statement cannot be regarded as just a phrase on which the Supreme Court of North Carolina placed no importance, for in support of this point it cited four cases from other jurisdictions together with two annotations appearing in the American Law Reports. An analysis of these cases and annotations convinces us that the Supreme Court of North Carolina would not find that appellant in this case was an insured within the terms of the policy.

Most striking of the cases cited is *Peterson v. Sunshine Mutual Insurance Company*, supra. In that case, one brother, a resident of North Dakota, purchased an automobile. After about one month he moved to Montana, where he became a resident, and left his insured automobile in North Dakota with a second brother for that brother's unrestricted use. A third brother obtained the automobile from the second brother, with the second brother's permission, and used it for his own purposes. The third brother made four monthly payments on this automobile. The United States Court of Appeals, applying North Dakota law, held that the second brother was not authorized to grant permission to the third brother. The court further stated: "One reasonably may believe that the use and operation of the [first brother's] automobile by [the third brother] without the knowledge, consent, or permission of [the first brother], and with only the consent of the [second brother], who, at the time of the accident, was not

a passenger in and had neither possession nor control of the automobile, did not make [the third brother] an additional insured within the meaning of the omnibus clause of the policy." 273 F. 2d at 56.

Equally significant is *Hamm v. Camerota*, supra, in which a father, the named insured, had given the use of the car to his son, who later allowed a third person to use it. The third person was involved in an accident. The Supreme Court of Washington held that in the absence of any evidence that the father had on this, or any other occasion, authorized or approved his son's lending the car to the third person or to other persons generally, there was no basis for holding that the car was used with the father's permission. *"The fact that a parent permits a son to use a car as his own, or even considers the car as being the son's property, does not, of itself, alter or enlarge the scope of the insurance contract. . . . In order for a person to come within the coverage of the omnibus clause in a standard policy of liability insurance, it must be established that his use of the car was with the permission, express or implied, of the person designated in the policy as the named insured."* (Emphasis supplied). 290 P. 2d at 717-18.

In *Hays v. Country Mutual Insurance Company*, supra, the third case cited by the Supreme Court of North Carolina in *Bailey*, the authority given to the first permittee was more restrictive than in the above cases. The Supreme Court of Illinois, however, set out in that case the circumstances in which an implied permission might arise: (1) if the permittee is in every practical sense the owner of the car, and title is in the insured for convenience only; (2) if the original permittee remains as a passenger while a third person is driving; (3) if the third person is engaged in some activity for the benefit of the original permittee; or (4) if the original permittee was allowing the third person to

drive with the knowledge and without the objection of the named insured.

The final case cited by the Supreme Court of North Carolina in *Bailey* was *West v. McNamara,* supra. This case was also factually different from our case in that it dealt with an implied permission from a second to a third permittee. However, the Supreme Court of Ohio there quoted with approval the following statement in 160 A.L.R. 1195, 1206 (which, as noted above, is also cited by the North Carolina Supreme Court in *Bailey*):

"It is submitted that as a generalization from all the cases within the scope of this annotation, the following rules may be stated as expressing the basis of the holdings in the great majority of the decisions:

. . .

"3. The original permittee who has been given permission to use the car cannot, according to the great weight of authority, delegate this authority to the second permittee so as to bring the use of the car by that person within the protection of the policy where the initial permission is silent as to the question of delegation of authority.

"4. The initial permission given by the named assured to the original permittee includes, according to the better view, the use of the automobile by the second permittee where in doing so the second permittee serves some purpose, benefit, or advantage of the first permittee. This is the case if the original permittee is riding in the car . . . or if the car is driven in his interest or for a purpose mutual to him and the second permittee. . . ."

Analysis of the above cases, which the Supreme Court of North Carolina specifically cites in considering the power ordinarily delegated to a permittee, sufficiently reflects the present status of the law in that State. These cases indicate that a permittee ordinarily does not have the authority to allow another permittee

to drive the automobile unless the first permittee is a passenger in the automobile, or is in some way benefited by its use by the second permittee. In addition, such authority might be found in a course of conduct in which the named insured had allowed such use without objection. The approach taken by these courts is a somewhat narrow one. The North Carolina Supreme Court has looked to those cases for guidance, however, and we, in analyzing the facts in this case, must do the same.

In the instant case no circumstances are set out which would reflect that Findley had given custody akin to ownership to Anderson. Nothing suggests that if the question had been put to him, Findley would have approved the use of this car by appellant. Anderson was not a passenger in the car at the time of the accident, nor was the car being driven for his benefit. Findley did not know appellant. Indeed, there is nothing in the agreed statement of facts, which could establish a course of conduct by which McNair or any other sub-permittee used the car with Findley's knowledge and without objection. In short, under the criteria set forth above, there would be no reason to find that Findley, either expressly or impliedly, had consented to the use of this automobile by appellant or by any other sub-permittee who might receive permission from Anderson. Under our understanding of North Carolina law, therefore, appellant was not an "insured" within the omnibus clause of the policy.[2] Accordingly, the judgment of the lower court must be affirmed.

Judgment affirmed.

---

[2] We hasten to add again that this holding reflects only our interpretation of North Carolina law. It should not be construed as a statement of the current status of Pennsylvania law.