Angelo GUERRINO, Philip Deodati, Dr. A. P. Engemi, Albert J. Guerra, E. B. Fleming Company, Appellants,

v.

OHIO CASUALTY INSURANCE COMPANY.

No. 17889.

United States Court of Appeals, Third Circuit.

Argued Jan. 8, 1970.

Decided March 24, 1970.

Clarence L. Walker, Philadelphia, Pa., (William R. Pomerantz, Philadelphia, Pa., on the brief), for appellants.

Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee.

Before BIGGS, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The court below granted a motion made by the defendant Ohio Casualty Insurance Company for summary judgment. The complaint alleges that one Fleming, the president and active manager of the corporate plaintiff E. B. Fleming Company, unlawfully and fraudulently disposed of assets of Fleming Company and that Ohio Casualty Insurance Company bonded Fleming Company against losses "through any dishonest [,] fraudulent or criminal act of any of its employees  *  *  * ". A similar prior suit, names of the plaintiffs aside, was brought in October 1964 against Ohio Casualty by Messrs. Forman and Collins as custodians appointed by the Pennsylvania Securities Commission for the Fleming Company at C.A. No. 36641. An answer was filed by Ohio Casualty which, *inter alia*, denied that Forman and his fellow custodian had legal capacity to bring the suit. Judge Kraft dismissed the action on the ground stated. No appeal was taken.

The only difference between the prior action and the suit at bar is the identity of the parties, the individual plaintiffs in the instant case being stockholders of Fleming Company. Interrogatories taken in the prior case were made part of the record in the suit at bar. Judge

Kirkpatrick, presiding in the case at bar, held that where there is identity of issue and common questions of fact and law a court in a later suit may use the interrogatories taken in an earlier action. Baldwin-Montrose Chemical Co.·v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964). See Rules 26(d) and 42(a), Fed.R.Civ.Proc., 28 U.S.C. There was no objection by any party to the course followed by Judge Kirkpatrick in this regard. Judge Kirkpatrick granted Ohio Casualty's motion for summary judgment on the ground that the suit was barred by limitation provisions. The appeal at bar followed.

■ Jurisdiction in the case at bar is alleged to be based upon diversity of citizenship and jurisdictional amount but various important jurisdictional allegations are wanting and serious issues of conflict of laws lurk in the record apparently unheeded by the parties.

■ Section 1332(a), Title 28, U.S.C., provides that United States district courts shall have original jurisdiction in all civil actions where the matter in controversy "exceeds the sum or value of $10,000, exclusive of interest and costs," and is between citizens of different States or citizens of a State and foreign States and citizens thereof. There is no sufficient jurisdictional allegation as to the amount in controversy. The complaint also fails to allege that the individual plaintiffs Guerrino, Deodati, and Guerra are "citizens" of the Commonwealth of Pennsylvania or that the plaintiff Engemi is a citizen of New Jersey. The individual plaintiffs are described as *residents,* not as "citizens". Allegations of citizenship are required to meet the jurisdictional requirement. See Wolfe v. Hartford Life Insurance Co., 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893); Realty Holding Co. v. Donaldson, 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014 (1925).

■■ The complaint also states that the individual plaintiffs are stockholders of the plaintiff Fleming Company, "a corporation duly authorized and existing under the laws of the Commonwealth of Pennsylvania" but there is no allegation as required by Section 1332(c), 28 U.S. C., as to where the Fleming Company "has its principal place of business". Section 1332(c) provides that for the purposes of that section a corporation shall be deemed to be a citizen of the State in which it is incorporated *and* where it "has its principal place of business; * * *". An allegation as to where the Fleming Company has its principal place of business is a jurisdictional requirement. The complaint also alleges that the defendant Ohio Casualty is an Ohio corporation, authorized to do business in the Commonwealth of Pennsylvania and that it "does *not* have its principal place of business within the state of Pennsylvania." (Emphasis added). This would be a sufficient jurisdictional allegation of "principal place of business" only if all of the plaintiffs were "citizens" of Pennsylvania. .See Form 2(A) Fed.R.Civ.Proc., 28 U.S.C. (Supp. IV); 2A Moore's Federal Practice, ¶ 8.10, at 1657–58. Cf. Cherry v. Alcoa Steamship Co., 202 F.Supp. 663, 664 (D.Md.1962). However, as stated above, the complaint does not provide an adequate basis for ascertaining the citizenship of the plaintiffs. See Wymard v. McCloskey & Co., 342 F.2d 495, 497 (3 Cir. 1965); McCurdy v. Greyhound Corp., 346 F.2d 224, 225, n. 1. (3 Cir. 1965).

We find nothing in the record which would aid the court in establishing the jurisdictional requirements referred to.

■ The complaint also alleges that the individual plaintiffs are the "principal shareholders" of the plaintiff Fleming Company. It must be assumed from this statement that there are other shareholders who do not come within the category of "principal shareholders". The complaint on its face is apparently a class action, a stockholders derivative suit albeit there is no allegation in the complaint that it was brought for the benefit of all the stockholders. This omission is not vital, however, for the cause of action belongs to Fleming Com-

pany and any recovery will be for the benefit of that corporation.

We point out that the individual plaintiffs allege that they bring the instant suit "individually" as well as stockholders. But the cause of action belongs to Fleming Company, and it may maintain the instant suit, if it has the capacity, and on the present record there is no showing that the stockholder plaintiffs have any right to recover as individuals. Cf. Kelly v. Thomas, 234 Pa. 419, 83 A. 307 (1912). In a stockholders derivative action the corporation is ordinarily an indispensable party. Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729, decided February 2, 1970; City of Davenport v. Dows, 18 Wall. 626, 627, 21 L.Ed. 938 (1874); Venner v. Great Northern Rwy., 209 U. S. 24, 32, 28 S.Ct. 328, 52 L.Ed. 666 (1908); Commonwealth Title Insurance & Trust Company v. Seltzer, 227 Pa. 410, 418–419, 76 A. 77, 80 (1910). But this principle is necessarily applicable only if the corporation has the capacity to maintain a suit. It is far from clear on the present record that Fleming Company is still in existence or, if it is not, that it retains the capacity, by virtue of Pennsylvania law, statute or otherwise, to maintain this case. If it does not possess this capacity the stockholder plaintiffs may perhaps maintain an action substantially similar to that at bar but any recovery would not be for their benefit as individuals but for the benefit of all stockholders. In this connection we point out that there is some evidence in the record which suggests that Fleming Company may no longer be in existence and may not have the capacity to maintain the suit at bar. If so, other diversity questions may arise in respect to the citizenship of individual stockholders. These issues will require examination and perhaps determination on remand.

We point out further that there has been no adherence, insofar as we are able to ascertain from the complaint or from any part of the record, to the provisions of Rule 23, Fed.R.Civ.Proc., 28 U.S.C., "Class Actions".

There also has been a failure to comply with Rule 23.1, Fed.R.Civ.Proc., 28 U.S.C., in that there are no allegations or proof in the record that the individual plaintiffs, or any of them, were shareholders in the Fleming Company at the time of the transactions of which they complain or that their shares devolved on them or any of them by operation of law, and that the action is not a "collusive one" to confer jurisdiction on a court of the United States which it would not otherwise have.

Insofar as the record of the present suit shows (or that of the prior action at C.A. No. 36641) there was no request for trial by jury. See again Ross v. Bernhard, *supra*. Moreover, apparently the individual plaintiff stockholders' "initial claim to speak for the corporation * * *" was not tried by the Judge. See *id. supra*, at 532, 90 S.Ct. at 735, and the decision in the trial court in the cited case, 275 F.Supp. 569 (S.D.N.Y. 1967). There has been no determination in the instant case as to whether the suit at bar is fundamentally legal rather than equitable though we note that a money judgment is asked. Cf. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962). In this connection and in the light of *Ross*, can it be said there was a knowing waiver of trial by jury, assuming trial by judge not to be required? These are issues that the court below must inquire into upon remand. We cannot and do not presently pass on these questions, assuming *arguendo* that they or any of them are pertinent to the issues in this case.

The parties have approached this case as if Klaxon Co. v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), had never been written. We are here concerned with the construction of a contract, a bond. Cf. Silvestri v. Slatowski, 423 Pa. 498, 501, 224 A.2d 212, 215 (1966), and McNair v. American In-

surance Co., 210 Pa.Super. 107, 232 A.2d 64 (1967). An examination of the bond does not show where it was executed or where it was delivered, and nothing in the record aids us in determining what may be a complex question of conflict of laws. Some of the issues presented can be more appropriately disposed of in the court below than here. See Section 1653, Title 28, U.S.C. But there are also preliminary determinations which should be made in the court below rather than here. We cannot presently deal with the merits of the controversy.

The judgment of the court below will be vacated and the case remanded with direction to proceed in conformity with this opinion.