Minnie DORFMAN, Plaintiff,

v.

CHEMICAL BANK et al., Defendants.

No. 71 Civ. 2168.

United States District Court,
S. D. New York.

Sept. 22, 1972.

Herbert I. Deutsch, New York City, Homer, Kripke, New York City, of counsel, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant Chemical Bank.

Simpson, Thacher & Bartlett, New York City, for defendant Manufacturers Hanover Trust Co.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Irving Trust Co.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Chase Manhattan Bank, N.A.

Lunney, Downey & Crocco, New York City, for defendant Bank of Montreal.

CANNELLA, District Judge.

The motion made by defendants Chemical Bank, Manufacturers Hanover Trust Company, Irving Trust Company, Chase Manhattan Bank, N.A., and Bank of Montreal, to dismiss the complaint as to the first and second causes of action for failure to state a claim, pursuant to Rule 12(b) 6 of the Federal Rules of Civil Procedure [F.R.Civ.P.], is granted.

The motion made by these same defendants to dismiss the complaint as to the third and fourth causes of action for lack of subject matter jurisdiction, pursuant to Rule 12(b) 1, F.R.Civ.P., is granted.

In four separate causes of action, the plaintiff alleges that she presently holds $10,000 face amount of debentures[1] issued by defendant Pennsylvania Company [hereinafter "Pennco"] which is a subsidiary of Penn Central Transportation Company. The complaint states that Penn Central is currently in reorganization under Section 77 of the Bankruptcy Act and all of the common stock of defendant Pennco is presently owned by the trustees in reorganization but subject to a pledge to a group of lending institutions.

It is further alleged that in late 1969 or early 1970, Penn Central informed the defendant banks of its critical need for funds and substantiated that need with confidential projections of its financial future, based on information not available to the public. The banks agreed to advance up to $50,000,000 to Penn Central provided the loan would be funneled through Pennco. Thus Pennco was paid $50,000,000 by the banks in purported consideration for its note and, pursuant to an alleged prearrangement and conspiracy between the banks and Penn Central, Pennco was caused to turn the money over immediately to Penn Central, in purported exchange for the latter's note. It is claimed that Pennco's participation in the loan was a sham transaction since it received no genuine consideration for the loan which impaired its capital and credit solely for the benefit of Penn Central and converted the assets of Pennco to the parent corporation's use, by prearrangement with the banks.

The plaintiff's first and second causes of action are derivative, grounded on Sections 17(a) and 22 of the Securities Act of 1933 (15 U.S.C. §§ 77q(a), 77v) and Section 20a(11) of the Interstate Commerce Act (49 U.S.C. § 20a(11). The third and fourth causes of action stating a fraudulent conveyance under state law are based on pendant jurisdiction and diversity of citizenship respectively.

The movants have stated various grounds in support of their motion to dismiss. With regard to all four counts, they assert that the plaintiff bondholder has failed to assert conditions precedent in the Indenture, and that Pennco's insolvency has not been adequately established. As to the derivative claims, they assert lack of standing, inadequate demand on the corporation's directors, and that the substantive claims under the applicable federal acts are not actionable. With respect to the state claims, lack of subject matter jurisdiction is claimed in addition to a failure to state a claim based on state law.

▆▆▆▆ As to the first and second causes of action, the court concludes that the plaintiff does not have the proper standing to maintain a derivative suit. It is the plaintiff's contention that public debentureholders and public preferred stockholders stand in identical positions vis-a-vis the need for an equitable remedy to prevent depletion of the corporate assets by insiders and their conspirators. However, it is well recognized that a holder of an unmatured debenture, as a contract creditor, may not bring a representative action on the corporation's behalf to enforce a corporate right. See 13 Fletcher, Private Corporations § 5972.2 at 411 (rev.perm.ed.1970). Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763 (1923). See also Quirke v. St. Louis-San Francisco Ry. Co., 277 F.2d 705 (8th Cir.), cert. denied, 363 U.S. 845, 80 S.Ct. 1615, 4 L.Ed.2d 1728 (1960).

Under Rule 23.1, F.R.Civ.P., a complaint which states a derivative action must allege that the "plaintiff was a shareholder or member at the time of the transaction of which he complains or that

---

1. Although these debentures are convertible, they are not convertible into common stock of Pennco but into the common stock of another company.

his share or membership thereafter devolved on him by operation of law . . . ." The court is unaware of any case where a debentureholder was construed as a "shareholder" under the applicable provisions of the Securities Acts or the Interstate Commerce Act. Two cases decided in this District Court which are cited by the plaintiff are not in point. In Hoff v. Sprayregan, 52 F.R.D. 243 (S.D.N.Y.1971), the court held that a holder of a debenture convertible into the stock of the corporation has a sufficient interest in the corporation's stock to satisfy the requirement of Rule 23.1. Similarly, in Entel v. Guilden, 223 F. Supp. 129 (S.D.N.Y.1963) the court found that certain warrants which entitled holders to purchase common stock of the corporation with no limit on the period during which the option was to be exercised was a separate form of equity in the corporation which enabled the holder to bring a derivative action. The term "equity security" as defined by Section 3(a)(11) of the Securities Exchange Act of 1934 (15 U.S.C. § 78c(a)(11)) includes "any stock or similar security; or any security convertible, with or without consideration, into such a security, or carrying any warrant or right to subscribe to or purchase such a security; or any such warrant or right. . . ." In view of the foregoing, the court is not persuaded that the debentures in this action create such an equity interest in the corporation in order to maintain a derivative suit and hereby dismisses the first two causes of action.

 The court dismisses the third cause of action which is premised on pendant jurisdiction. When federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

2. With respect to these claims, the court finds no just reason for delay and directs the Clerk of the Court to enter judgment for the defendants Chemical Bank,

■ With respect to the fourth cause of action which is premised on diversity of citizenship, the court finds that this aspect of the complaint is jurisdictionally defective in failing to allege defendant Pennco's principal place of business. See, e. g., Guerrino v. Ohio Casualty Ins. Co., 423 F.2d 419 (3rd Cir. 1970); Wymard v. McCloskey & Co., Inc., 342 F. 2d 495, 497 (3rd Cir.), cert. denied, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965). The plaintiff's attempt to set forth defendant Pennco's principal place of business in his brief does not cure the defective pleading. Under the circumstances, the court hereby dismisses the fourth cause of action but gives leave to the plaintiff to replead this claim in an amended complaint.

In view of the foregoing, the plaintiff's first three claims are dismissed;[2] the fourth cause of action is dismissed with leave to replead within 20 days. The additional grounds for dismissal are not reached.

So ordered.

Manufacturers Hanover Trust Co., Irving Trust Co., Chase Manhattan Bank, N.A., and Bank of Montreal pursuant to Rule 54(b), F.R.Civ.P.