**Ronald L. DODGE et al., Plaintiffs,**

v.

**FIRST WISCONSIN TRUST COMPANY, N. E. Isaacson & Associates, Incorporated and Shawano County Board, Defendants.**

No. 74-C-476.

United States District Court, E. D. Wisconsin.

May 16, 1975.

---

Ronald L. Dodge, pro se, for all tribes.

Joseph F. Preloznik, Madison, Wis., for Menominee Enter.

Richard J. Stadelman, Shawano, Wis., for Shawano Co. Bd.

Gibbs, Roper & Fifield by Edward A. Porter, Milwaukee, Wis., for 1st Wis.

Vance M. Waggoner, Reedsburg, Wis., for N. E. Isaacson.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Each of the three named defendants, First Wisconsin Trust Company, N. E. Isaacson & Associates, Inc., and the Shawano County board, has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure. In addition, Menominee Enterprises Incorporated has moved to be dismissed as a plaintiff in this action, without costs. I conclude that the defendants' motions to dismiss the complaint should be granted, and that this action should be dismissed without costs and without leave to replead.

While other motions have been filed by the plaintiffs, they are either meritless or are rendered moot by the resolution of the motions to dismiss. The defendants have also filed additional motions; such motions need not be decided in view of the disposition of the defendants' motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

On October 16, 1974, the plaintiffs, Ronald E. Dodge and All Tribes Inc,. filed a pro se shareholder's derivative complaint on behalf of Menominee Enterprises. The plaintiffs assert claims for relief arising under U.S.Const. art. I, § 10 and amends. X and XIV, 25 U.S.C. §§ 81, 82, 463, 479 and the Sherman Act, 15 U.S.C. §§ 1–7, 15. A claim for relief based upon common law fraud has also been alleged.

The plaintiffs contend that jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 1360, 1362 and 1337. The claims alleged in the complaint are brought on behalf of Menominee Enterprises pursuant to Rule 23.1, Federal Rules of Civil Procedure.

The defendants take the position that the complaint fails to state any claims for relief, that the allegations of the complaint are insufficient to establish federal jurisdiction and that the complaint does not meet the requirements of Rule 23.1, Federal Rules of Civil Procedure, for a shareholder's derivative suit; Menominee Enterprises joins the defendants in the last of these assertions. In my opinion, the complaint is deficient in each respect asserted by the defendants.

## I. FAILURE TO STATE A CLAIM FOR RELIEF

Of the claims alleged to arise under the Constitution, only that based upon the fourteenth amendment deserves any discussion. Both First Wisconsin

Trust and N. E. Isaacson & Associates are private entities and do not owe the plaintiff corporation any duty under the fourteenth amendment.

■ As far as the Shawano County board is concerned, the plaintiffs allege that because Menominee Enterprises is the largest taxpayer in Menominee County, the agreements between Shawano County and Menominee County for certain unspecified civil services

> "represent deliberate covert indirect taxation under the guise of legally applied municipal corporate power, and an economical control of Menominee Enterprises Incorporated by constructive fraud." Complaint ¶(f).

This allegation is entirely conclusory and fails to support the proposition that Shawano County has deprived Menominee Enterprises of its fourteenth amendment rights.

The plaintiffs' claims under 25 U.S.C. § 81 are equally meritless. First Wisconsin Trust Company and N. E. Isaacson are alleged to have contracted unlawfully with Menominee Enterprises because of such defendants' failure to comply with 25 U.S.C. § 81. Section 81 provides certain protective requirements for contracts made with a tribe of Indians or individual Indians.

■ It is apparent from the complaint and its exhibits that the contractual relationships alleged occurred during the period of time between 1961 and 1973 when the Menominee tribal status was terminated. During this termination period, the Menominees were deprived of the protection of such statutes as 25 U.S.C. § 81 by virtue of 25 U.S.C. § 899 which states in part:

> "[I]ndividual members of the tribe shall not be entitled to any of the services performed by the United States for Indians because of their status as Indians, all statutes of the United States which affect Indians because of their status as Indians shall no longer be applicable to the members of the tribe . . . ."

Thus, even assuming that corporate status of Menominee Enterprises is ignored, 25 U.S.C. § 81 cannot provide a basis for the plaintiffs' claims against the defendants.

The plaintiffs also contend that they may recover damages on behalf of Menominee Enterprises by virtue of 25 U.S.C. §§ 82, 463 and 479. These statutes are totally inapposite to the few facts which are alleged in the complaint.

Although the first page of the complaint indicates that some claims against the defendants are based upon Sherman Act antitrust violations, the remainder of the complaint is devoid of any allegation which could support recovery under the Sherman Act, 15 U.S.C. §§ 1–7. The frivolity of the plaintiffs' antitrust theory is suggested by the following statement which appears at page 11 of their brief in opposition to the defendants' motions to dismiss:

> "An anti-trust violation is involved whenever Indian lands are priced, taxed, (directly or indirectly) under whatever guise or form."

Finally, the plaintiffs have failed adequately to state a claim for relief for common law fraud. To a great extent the claims of fraud against the defendants are based upon 25 U.S.C. §§ 81 and 82 discussed earlier. Nevertheless, a liberal reading of the complaint indicates that the plaintiffs are attempting to assert a common law fraud claim against each defendant.

In my opinion, the plaintiffs have fallen far short of the specificity required by Rule 9(b), Federal Rules of Civil Procedure, adequately to state a claim for relief based upon common law fraud. See, e. g., Robison v. Caster, 356 F.2d 924, 925 (7th Cir. 1966).

## II. LACK OF FEDERAL JURISDICTION

The plaintiffs have alleged that jurisdiction over the dispute set forth in the complaint arises under 28 U.S.C. §§ 1360, 1362 and 1337. Since there is no diversity of citizenship among the

parties, jurisdiction may not be predicated upon 28 U.S.C. § 1332.

Section 1360 of title 28 U.S.C. does not support federal jurisdiction; that statute pertains to state court jurisdiction over certain civil disputes involving Indians.

■ No jurisdiction over this case is afforded under 28 U.S.C. § 1362. By its terms, § 1362 pertains only to actions brought by "any Indian tribe or band." The plaintiff has advanced no adequate reason why I should, for purposes of § 1362, ignore the fact that Menominee Enterprises is a Wisconsin corporation.

The plaintiffs' final jurisdictional predicate is 28 U.S.C. § 1337, which provides for federal jurisdiction over antitrust claims. However, as I observed earlier in this opinion, there are absolutely no facts alleged in the complaint upon which an antitrust claim could be based. As a consequence, I am unable to make an assumption of jurisdiction over this cause under § 1337.

## III. FAILURE TO COMPLY WITH RULE 23.1

■ The complaint purports to be a shareholders' derivative suit brought pursuant to Rule 23.1, Federal Rules of Civil Procedure. Ronald Dodge is alleged to have standing to bring this action because he holds a voting trust certificate representing ownership of 100 shares of common stock in Menominee Enterprises. All Tribes Inc., on the other hand, grounds its right to sue on behalf of the corporation on an assignment to it of the 4% interest payable on a Menominee Enterprises income bond held by Ronald Dodge. Although a voting trust certificate holder arguably may bring a shareholder's derivative suit, All Tribes Inc., which is at best a creditor of Menominee Enterprises, has no standing to bring this lawsuit under Rule 23.1, Federal Rules of Civil Procedure. See, e. g., Dorfman v. Chemical Bank, 56 F.R.D. 363, 364 (S.D.N.Y.1972).

■ The representative plaintiffs have also failed adequately to allege a demand on the corporate directors as required by Rule 23.1; in this regard, the rule requires that the complaint

"allege *with particularity* the efforts if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." (emphasis supplied).

In an attempt to allege that a demand on the directors would be futile, the plaintiffs in ¶(c) of the complaint state in a conclusory fashion that the directors are incompetent to protect the shareholders' interests and that Menominee Enterprises is in an unstable financial condition. In my view, the allegations of the complaint lack the detail necessary to comply with the dictates of Rule 23.1. See Robison v. Caster, 356 F.2d 924, 926–27 (7th Cir. 1966).

## IV. CONCLUSION

I am persuaded that the complaint fails to state a claim for relief, that this court has no subject matter jurisdiction over this action, and that the allegations necessary for a shareholder's derivative suit are absent from the complaint. Accordingly, the complaint and this action should be dismissed pursuant to Rules 12(b)(1), 12(b)(6), and 23.1, Federal Rules of Civil Procedure. Furthermore, after examining the complaint, I am convinced that this suit is frivolous and that under no state of facts which might reasonably be alleged would these plaintiffs be able to state a claim for relief on behalf of Menominee Enterprises.

Therefore, it is ordered that the defendants' motions to dismiss the complaint be and hereby are granted.

It is also ordered that this action be and hereby is dismissed, without costs and without leave to replead.