**Donald M. JOHNSTON, Plaintiff,**

v.

**Edward J. MEYER, Jr., et al.,
Defendants.**

**Civ. No. F–74–124.**

United States District Court,
N. D. Indiana,
Fort Wayne Division.

March 5, 1976.

Donald M. Johnston, pro se.

Hon. Edward J. Meyers, Jr., Circuit Judge, William L. Sweet, Jr., Fort Wayne, Ind., Phil M. McNagny, Jr., Columbia City, Ind., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, who proceeds pro se, filed an "amended petition and complaint" against the defendants, an Indiana circuit court judge, the executor of the estate of John Franklin Johnson, the attorney for the same estate, a legatee of the estate, the Indiana state bar association and the American bar association.

The complaint charges that the defendants have conspired, in violation of the Civil Rights Act, 42 U.S.C. §§ 1981–1989, to deprive him of due process and property with respect to a claim he has filed against the estate for materials and goods delivered and for services performed. The defendants are alleged to have conspired "by failing to give Notice of a hearing, a hearing in accordance with due process of law, or at all, and a judicial determination of said claim." It is also alleged that they "have

disposed of the claim and have made the payment of the claim impossible by transferring all of the personal property out of which the claim could be paid," to another defendant. The complaint also alleges a conspiracy by the defendants in violation of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1–7, to monopolize the practice of law and to fix prices.

The defendants have moved for summary judgment and have supported their motions with an affidavit of one of the defendants. In this affidavit, which has not been controverted by the plaintiff, the attorney for the estate has stated that all continuances with respect to the plaintiff's claim against the estate were requested by the plaintiff or his attorneys, that the only reason the claim has not been set for hearing "has been the delay of the said Donald M. Johnston caused by his hiring and firing of attorneys," and that "there are sufficient assets to pay the claim of Donald M. Johnston should he be successful in the pursuit of his claim in the Estate."

Summary judgment motions are governed by Rule 56, Federal Rules of Civil Procedure, section (e) of which reads in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ The plaintiff has not responded to the defendants' motion for summary judgment by setting forth specific facts showing that there is a genuine issue for trial. Accordingly, summary judgment for the defendants will be granted with respect to the plaintiff's claim of a conspiracy in violation of the Civil Rights Act to deprive him of rights regarding his claim in the estate.

The defendants have not addressed the plaintiff's Sherman Act claim in their motions for summary judgment; arguably therefore, that claim would not be affected by the granting of these motions. However, I believe that such claim and also the plaintiff's action should be dismissed on the court's own motion for lack of jurisdiction over the subject matter, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

■ In addition to the general allegation that the action is based on the Sherman Anti-Trust Act, the only allegation of the amended complaint which relates to the plaintiff's antitrust claim reads as follows:

"That Plaintiff is unable to get a lawyer in the State of Indiana to represent him or help him represent himself by reason of the fact that the Defendants Edward J. Myers, Jr. and Robert E. Gates have entered into a conspiracy along with the rest of the Lawyers and Judges of the State of Indiana, The Indiana State Bar Association and the American Bar Association to monopolize the so called practice of law which is nothing more than the right to assemble and petition with a chosen associate and have also conspired to fix prices in violation of the Sherman Anti-Trust Act."

This allegation is entirely conclusory and sets forth no facts upon which an antitrust claim could be based. As a consequence, I am unable to make an assumption of jurisdiction over this claim under 28 U.S.C. § 1337, which provides for federal jurisdiction over antitrust claims. See *Dodge v. First Wisconsin Trust Company,* 394 F.Supp. 1124 (E.D.Wis.1975). Diversity jurisdiction over this claim is not available, since the plaintiff and the defendants are residents of the same state. I am also unable to assume pendent jurisdiction over this claim, even if I were to treat it as a state law claim, since it and the Federal Civil Rights Act claim do not derive from a "common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

This disposition of these matters makes the motion of the defendants to compel answers to interrogatories moot.

Therefore, IT IS ORDERED that the defendants' motions for summary judgment as to the Civil Rights Act claim of the plaintiff's amended petition and complaint be and hereby are granted.

IT IS ALSO ORDERED on the court's own motion that the Sherman Anti-Trust Act claim of the plaintiff's amended petition and complaint be and hereby is dismissed.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, without prejudice.