380 F.2d 41
 In the Matter of ATLAS SEWING CENTERS, INC., Debtor.
JONES FINANCIAL CORPORATION, Appellant,
v.
Irwin RAY, as Trustee in Bankruptcy for Atlas Sewing Centers, Inc., Appellee.
The CHASE MANHATTAN BANK, Appellant,
v.
Irwin RAY, as Trustee for Atlas Sewing Centers, etc., et al., Appellees.
UNITED STATES of America, Appellant,
v.
Irwin RAY, Appellee.
Irwin RAY, Trustee in Reorganization of Atlas Sewing Centers, Inc., Appellant,
v.
JONES FINANCIAL CORPORATION, Appellee.
 No. 24157.
 No. 20936.
 No. 22852.
 No. 23891.
 No. 24449.
 United States Court of Appeals Fifth Circuit.
 June 5, 1967.
 
 John V. Parker, Baton Rouge, La., for Boulevard Nat. Bank, and others.
 William P. Simmons, Jr., Garrette J. Wimpey, of Shutts & Bowen, Miami, Fla., for Chase Manhattan Bank.
 J. Edward Worton, Irving M. Wolff, Miami, Fla., for Irwin Ray, trustee.
 George F. Meister, Harry L. Durant, Miami, Fla., Harold M. Hoffman, New York City, Jack M. Gordon, New Orleans, La., for Jones Financial Corp.
 J. Charles Burden, Jr., Alexandria, La., pro se.
 Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Dept. of Justice, Lee A. Jackson, Chief, Appellate Section, Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for the United States.
 Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.
 PER CURIAM:
 
 
 1
 To expedite the complete disposition of this old Chapter X reorganization proceeding, we have grouped all of the above cases. As the issues in several are separable, we have had argument and make the determinations which follow.
 
 No. 22852
 Chase Bank
 
 2
 The appeal of Chase Manhattan Bank turns, in the final analysis, on whether the District Court was required to classify and schedule separately the assets and liabilities of the Puerto Rican subsidiary. If so, it would in effect give to the Bank, an unsecured creditor, a priority almost as high as a secured creditor. If not, as an unsecured creditor, the Bank takes its position with all others of that class.
 
 
 3
 Under this record showing that this nationwide sales organization, although made up of a parent and a large number of subsidiaries, actually carried on its activities as one large unit, the District Court did not err in its determination, implied if not expressed, to administer this reorganization estate with like approach. Additionally, the evidence showing four renewal notes at different rates of interest and executed formally by the parent, not the Puerto Rican subsidiary as in the case of the original note, was quite sufficient to permit the Court to conclude that the parent had been substituted as the real debtor. Likewise, the Court's rejection of the Bank's contention that this was a mistake is not clearly erroneous. F.R.Civ.P. 52(a).
 
 
 4
 The several orders appealed from by Chase are therefore
 
 
 5
 Affirmed.
 
 No. 20936
 Appeals of Jones Financial Corporation
 
 6
 By a series of orders this Court consolidated into No. 20936 the separate appeals by Jones Financial Corporation taken subsequent to the appeal of the order of September 18, 1963, which was the principal subject of No. 20936 These included the Jones appeal from the order of September 4, 1964, "Confirming the Plan" and the order of December 31, 1964, "In Aid of Consummation of Plan." This Court likewise stayed the filing of the records, briefs, and submission of those appeals pending determination of the validity of the liens of Jones Financial Corporation (the subject of No. 24449).
 
 
 7
 The Court, in the course of the handling of the other matters in this complex interrelated litigation, has learned that the amounts ordered paid into the registry of the District Court under the Plan have actually been paid to or the benefits thereof accepted by Jones. Consequently we took submission of these cases as an order to show cause why the appeals should not be dismissed as moot.
 
 
 8
 Counsel for Jones with commendable candor do not oppose dismissal for mootness. But, with all propriety, they seek, in effect, to condition the acquiescence by insisting that it does not amount to an acquiescence in the correctness of the orders. Likewise, they seek to be free in subsequent proceedings winding up the reorganization to contend that the orders did not adequately protect the interests of Jones and that other and further relief should therefore be granted as necessary.
 
 
 9
 Under the circumstances the Court does not dismiss for mootness on counsel's acquiescence. Rather, on the basis of the facts in the records of this Court in the several proceedings now pending before it under the captions listed above, the Court finds and holds that the appeals from these two orders are moot. The appeals are accordingly dismissed as moot. We add, however, that nothing herein done shall have any bearing upon the continued vitality of the appeal in No. 20936 with respect to the order of September 18, 1963, or the question whether there is or has been any order, valid or otherwise, upon which to base the charges or findings of civil or criminal contempt, or both. All such matters are expressly reserved for determination in the contempt proceedings.
 
 No. 24449
 Appeal from Order October 14, 1966
 
 10
 In the Plan for reorganization and in the Order in Aid of Consummation of the Plan, the question of the validity and priority of the claim of Jones Financial Corporation under the two separate financing agreements of December 1961 and August 1962 was reserved together with the question of the amount, if any, of attorney's fees and expenses allowable to Jones in the enforcement of either one or both of such agreements. These matters were referred to W. O. Merhtens, Esq., now Judge Merhtens, as Special Master. After extensive hearings, the Master found the claims valid and accorded to Jones the priority prescribed in the agreements. The Master also fixed specifically the allowance of attorney's fees to the several attorneys for Jones' interest therein specified together with accountants' fees and other disbursements with respect to the December 1961 agreement. On review by the District Court, Chief Judge Fulton confirmed the report of the Master by his order of October 14, 1966.
 
 
 11
 We reject the contention that the order of October 14, 1966, was not a final order. Nothing save the most mechanical of computations remained to be done. Likewise, under the circumstances of this record, we also deny the motion to dismiss the appeal and consider this appeal on its merits. On the merits we have no doubt that there was an adequate foundation in fact and law for the conclusions reached by the Special Master and confirmed by the District Court.
 
 
 12
 The Court, however, sounds this caveat. The report and order with respect to attorneys' accountants' fees and expenses made a determination and award with respect to the December 1961 agreement only. We do not pass upon the contention made by Jones that the District Court impliedly determined that the balance of the fees and expenses found or approved would be payable to the several persons enumerated for necessary work and services in connection with the enforcement of the August 1962 agreement. The question whether such determinations have necessarily been made in the Master's report as well as all other questions concerning the right, if any, of Jones to receive any funds with respect to the August 1962 agreement in addition to those disbursed to it from the registry are reserved until such time, if ever, such questions became significant.
 
 
 13
 The order of October 14, 1966, the subject of this appeal is affirmed.
 
 Remaining Matters
 
 14
 There remains for a disposition the civil contempt presented in No. 20936 and the criminal contempt in No. 23891. Also remaining are the orders involved in No. 24157 including the three appeals taken from the orders of Chief Judge Fulton of April 17, 1967, in the hearings and proceedings conducted pursuant to the order of this Court, and as to which the Court has prescribed an expedited briefing and hearing schedule.