Herman **GOLDSTEIN** et al., on behalf of themselves and others, Plaintiffs-Appellees,

v.

**ANDRESEN & COMPANY**, John A. Andresen, et al., d/b/a Andresen and Co., et al., Defendants-Appellees,

and

Joe B. Hunt, Receiver of Community National Life Insurance Company, Defendant-Appellant.

No. 72–1619

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1972.

Robert S. Vance, Birmingham, Ala., for defendant-appellant; Callaway & Vance, Birmingham, Ala., of counsel.

J. Vernon Patrick, Jr., Jackson M. Payne, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., for Goldstein and others.

James C. Barton, Johnston, Barton, Proctor, Swedlaw & Naff, Don Long, Jr., Birmingham, Ala., for Andresen & Co., and others.

Gary P. Smith, Birmingham, Ala., for Brock & Streit.

Hobart A. McWhorten, Jr., Robert R. Reid, Jr., Birmingham, Ala., for Richmond Life.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

William G. West, Jr., Birmingham, Ala., for Pearson.

Erle Pettus, Jr., Birmingham, Ala., for F. W. Craigie & Co.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Joe B. Hunt, as receiver of Community National Life Insurance Company, seeks to appeal from an order of the District Court approving the compromise of a shareholders' derivative suit involving alleged violations of the Federal securities laws by Community, Richmond Life Insurance Company, and several other individual and corporate defendants. Because Community either declined to participate in the settlement or was not afforded an opportunity to do so, the settling parties have filed a motion to dismiss for want of an appealable interest.[1] We grant the motion for a different reason—the absence of a final appealable judgment under 28 U.S.C.A. § 1291 and F.R.Civ.P. 54.

On this record it is clear that the District Court's order approving the settlement is final as to the rights and liabilities of the settling parties (none of whom seek to appeal) because it effectively terminates the controversy among them. However, it is equally clear that the plaintiffs' claims against Community and one other non settling defendant are still viable ones, having not yet been dismissed or brought to judgment on the merits. Consequently, as to Community the order does not "end the litigation by fully determining the rights of the parties" and is therefore not appealable. Gospel Army v. City of Los Angeles, 1947, 331 U.S. 543, 546, 67 S.Ct. 1428, 1430, 91 L.Ed. 1662, 1665; United States v. McWhirter, 5 Cir., 1967, 376 F.2d 102, 104.

Of course we do not disregard the established rule that the test of "finality" under § 1291 is essentially a pragmatic one and that its practical application frequently justifies an appeal from an order that might otherwise appear to be interlocutory in nature.[2] Our conclusion is simply that at this stage in these complex proceedings we should refrain from deciding issues that may ultimately become moot in the event of a dismissal of the action against Community or a decision on the merits in its favor. If and when the plaintiffs' derivative claims result in a final judgment against Community, or in the unlikely event that the District Court should certify and this Court should grant an interlocutory appeal under 28 U.S.C.A. § 1292(b), Community may then assert on appeal that it was aggrieved by the District Court's order approving the settlement and that such approval did not comport with the requirements of F.R.Civ.P. 23.1.

Appeal dismissed.

1. The arguments in support of dismissal are all predicated upon the familiar principle that only a party aggrieved by a final judgment may appeal from it. In re Ira Haupt & Co., 2 Cir., 1968, 405 F.2d 493; United States v. Adamant Co., 9 Cir., 1952, 197 F.2d 1, 5; Milgram v. Loew's, Inc., 3 Cir., 1951, 192 F.2d 579, 586; In re Michigan-Ohio Building Corp., 7 Cir., 1941, 117 F.2d 191; Wainwright v. Kraftco Corp., N.D.Ga., 1971, 53 F.R.D. 78, 81; Philadelphia Electric Co. v. Anaconda American Brass Co., E.D.Pa., 1967, 42 F.R.D. 324, 326, n. 1; Broadway & Ninety-Sixth Street Realty Corp. v. Loew's Inc., S.D.N.Y., 1958, 23 F.R.D. 9; 9 Moore, Federal Practice ¶ 203.06 (1970).

2. Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 152–154, 85 S.Ct. 308, 310–312, 13 L.Ed.2d 199, 203–204; Brown Shoe Co. v. United States, 1962, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510, 524–525; Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; In re Atlas Sewing Centers, Inc., 5 Cir., 1967, 380 F.2d 41, 43; United States v. McWhirter, *supra*; Hodges v. Atlantic Coast Line Railroad Co., 5 Cir., 1962, 310 F.2d 438; Auerbach v. United States, 5 Cir., 1965, 347 F.2d 742 (dissenting opinion).