Peter E. BLUM, Plaintiff-Appellant,

v.

MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Defendants-Appellees.

No. 76–2579
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Moreton Rolleston, Jr., Atlanta, Ga., for plaintiff-appellant.

Charles E. Watkins, Jr., Paul Oliver, Atlanta, Ga., John W. Stokes, U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for A. F. Burns.

Morton J. Hollander, Chief, Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

GEE, Circuit Judge:

Plaintiff Peter E. Blum filed a shareholder's derivative action on October 3, 1975, seeking a declaratory judgment, a permanent injunction, an accounting for damages, and a judgment for damages on behalf of Morgan Guaranty Trust Company of New York, against each of its officers and directors. Blum also named as a defendant Arthur F. Burns, Chairman of the Board of Governors of the Federal Reserve System. Blum alleged that Morgan Guaranty was violating the National Banking Act, 12

U.S.C. § 21, *et seq.,* and the Rules and Regulations of the Federal Reserve System, by making certain loans to debtors for the payment of interest. In addition, he asserts that the Federal Reserve Board has failed to enforce its own Rules and Regulations by not requiring defendant Bank to charge off these interest loans. Without a hearing, the district court dismissed the suit as to all defendants. We affirm.

## I.

■ After agreeing with plaintiff that the court had subject-matter jurisdiction over the officers and directors of Morgan Guaranty, the district judge dismissed the suit against the Bank defendants on grounds of estoppel and inability of plaintiff to represent adequately the class of fellow shareholders. Fifth Circuit law is well settled that estoppel will work to deny standing to a plaintiff who buys stock with knowledge of the wrongs of which he complains. *Bateson v. Magna Oil Corp.,* 414 F.2d 128 (5 Cir. 1969), *cert. denied,* 397 U.S. 911, 90 S.Ct. 909, 25 L.Ed.2d 91 (1969). A stranger to the corporation who buys stock with knowledge of alleged wrongs may not maintain a derivative action even if the wrongs are continuing and persist past the time of his purchase. The trial judge's conclusion that plaintiff here advances purchased grievances seems amply supported in the record.

■ Moreover, although Morgan Guaranty did not file suit against Blum until after he had purchased the stock, Blum cannot gainsay that before he purchased the stock, Morgan Guaranty had notified him three times, starting June 17, 1975, that he was in default on a note for an amount in excess of $2,000,000. Morgan Guaranty had also warned that litigation would ensue if Blum failed to pay. The district court was justified in determining that this prepurchase knowledge of his default, considered together with the shortness of time between plaintiff's purchase and his filing of suit,

brand Blum's suit as a mere attempt to "obtain leverage" in negotiating his huge personal indebtedness to defendant Morgan Guaranty.

■ As the court below also noted, Blum's personal litigation involving his debt also flaws his ability to "fairly and adequately represent the interests of the shareholders," as Rule 23.1 of the Federal Rules of Civil Procedure requires. While a plaintiff is not necessarily disabled to bring suit simply because some of his interests extend beyond that of the class, the court may take into account outside entanglements that render it likely that the representative may disregard the interests of the other class members. *G. A. Enterprises, Inc. v. Leisure Living Communities, Inc.,* 517 F.2d 24 (1 Cir. 1975). *G. A. Enterprises* is particularly apropos as involving a situation where the representative could conceivably use the derivative action as "leverage" in other litigation between himself and the corporation.

■ The relative value of the subject matters involved is an important consideration in evaluating a derivative suit instituted by a representative entangled in other litigation with defendant. Thus, in *G. A. Enterprises* the court held that the representative's stake in the derivative suit "paled" in comparison with his principal's outside interest. Here, the district judge correctly found that Blum's equity ownership and the possibility of recovery for his corporation with respect to the equity interest "infinitesimally small" when contrasted with the over $2,000,000 involved in the action brought by Morgan Guaranty against him.[1]

On grounds both of estoppel and of inability to represent the other shareholders adequately, the district court correctly granted the Bank defendants' "Motion to Dismiss and/or for Summary Judgment."

## II.

The district court also correctly concluded that it lacked personal jurisdiction over Ar-

---

1. The district court states that plaintiff owns only twenty-five shares, though the record indicates 100 is the appropriate figure. Whichever

is correct, the judge's characterization of the ownership as "infinitesimally small" remains appropriate.

thur F. Burns. Blum sued Burns in his capacity as a federal officer; and generally a court can acquire personal jurisdiction over a federal officer only by personal service made on that officer within the territorial limits of the state in which the court sits. Fed.R.Civ.P. 4(d)(5) and 4(f). A statute, 28 U.S.C. § 1391(e), appears to allow for much freer acquisition of personal jurisdiction over federal officers, but courts have usually construed strictly its requirement that "each" of the defendants be a federal officer. *See, e. g., Benson v. City of Minneapolis,* 286 F.Supp. 614 (D.Minn., 1968). Significantly, where courts have not so strictly construed the provision, the non-federal defendants have invariably resided within the territorial limits of the court. *See, e. g., Brotherhood of Locomotive Engineers v. Denver & R. G. W. R. Co.,* 290 F.Supp. 612 (D.Colo., 1968), *aff'd,* 411 F.2d 1115 (10 Cir. 1969); *Powelton Civic Home Owners Ass'n v. Department of Housing & Urban Development,* 284 F.Supp. 809, at 833–34 (E.D.Pa., 1968); *Scott v. Parham,* 69 F.R.D. 324 (N.D.Ga., 1975).

[6, 7] In the instant case, Blum's resort to 28 U.S.C. § 1391 fails because the non-federal defendants were not within the territorial limits of the court. And though the district court has dismissed the suit as to the non-federal defendants, this statute still does not avail Blum since these provisions may not be used to create personal jurisdiction where it did not exist at the time of filing the action. *Schlanger v. Seamans,* 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

Appellant advances a unique "transaction of business" theory for the purpose of acquiring personal jurisdiction over Burns, but this fails not only because courts limit state modes of service to individuals and corporations, rather than government agencies, but also because appellant has established no nexus between the alleged cause of action and the transaction creating jurisdiction, as Georgia law requires. *Mack Trucks, Inc. v. Arrow Aluminum Castings Co.,* 510 F.2d 1029 (5 Cir. 1975). Thus, the district court correctly granted Burns' motion to dismiss.

AFFIRMED.