Stella DARROW et al.,
Plaintiffs-Appellees,

v.

SOUTHDOWN, INC., et al., Defendants,

D. Doyle Mize and the Addis Corporation, Defendants-Appellants.

Charles F. SPALDING et al.,
Plaintiffs-Appellees,

v.

SOUTHDOWN, INC., et al., Defendants,

D. Doyle Mize and the Addis Corporation, Defendants-Appellants.

Ray W. CUMMINGS et al.,
Plaintiffs-Appellees,

v.

SOUTHDOWN, INC., a corporation, et al., Defendants-Appellees,

D. Doyle Mize, Defendant-Appellant.

Nos. 76–3782, 76–3915.

United States Court of Appeals,
Fifth Circuit.

June 15, 1978.

Rehearing Denied Aug. 2, 1978.

Robert A. Hall, Roger R. Wright, Jr., Houston, Tex., for defendants-appellants.

Joe H. Reynolds, Houston, Tex., for Stella Darrow, et al.

Kenneth R. Wynne, H. Bruce Golden, Houston, Tex., for Charles Spalding, et al.

Larry F. York, Houston, Tex., for Southdown, Inc. and B. J. Mackin.

William E. Matthews, Houston, Tex., for Florian, Sundt & Gow.

Robert H. Singleton, Houston, Tex., for Storey.

B. J. Bradshaw, Alton F. Curry, Houston, Tex., for other interested parties.

Joe H. Reynolds, Houston, Tex., Richard C. Coburn, St. Louis, Mo., for Ray W. Cummings, et al.

Robert H. Singleton, Houston, Tex., for Storey.

Larry F. York, Houston, Tex., for Chadwick, Gueymard, Horlock, Houston, Mackin, Sheets, Guenther.

B. J. Bradshaw, Alton F. Curry, Kenneth R. Wynne, Houston, Tex., for Southdown.

Robert A. Hall, Roger R. Wright, Jr., Houston, Tex., for defendants-appellants.

Before BROWN, Chief Judge, AINSWORTH and VANCE, Circuit Judges.

JOHN R. BROWN, Chief Judge:

We have before us two appeals taken from one settlement agreement approved by two District Court Judges in partial resolution of three class action-shareholders' derivative suits. The defendants-appellants, D. Doyle Mize (Mize), and his wholly owned company, the Addis Corporation (Addis), claim that the District Court Judges approved the settlement agreement without holding the requisite hearings, without sufficiently evaluating its terms, and without explaining why it was found "fair and reasonable." For the reasons given below, we affirm the judgments of approval without reaching the merits of these issues.

The cast of characters and the basic plot of this corporate drama can be briefly described. The appellees are Southdown, Inc., (Southdown), the corporation on whose behalf the derivative suits were brought and a nominal defendant in the litigation, the plaintiffs in the three derivative-class action suits, and those defendants in all three suits who approved the partial settlement agreement. Appellant D. Doyle Mize, a defendant in all three cases, was Chairman and Chief Executive Officer of Southdown until March 1975, when he became Chairman and Chief Executive Officer of Southdown's then wholly owned subsidiary, Valhi, Inc. (Valhi). Mize is the principal target of all three suits. The gist of the complaints is that Mize engineered several transactions designed to enrich himself and his colleagues at the expense of Southdown and its stockholders.

The plaintiffs in the *Darrow* suit included claims on behalf of a class of Southdown's preferred shareholders with their derivative complaint; the plaintiffs in the *Spalding* suit linked the derivative claim with a class allegation on behalf of the holders of Southdown's convertible debentures. The suits, consolidated by District Judge Seals, alleged violations of state and federal law in Southdown's March 1975 spin-off of Valhi by a distribution of 100% of Valhi's common stock to the common shareholders of Southdown. The suits named Mize and other directors of Southdown and Valhi as the principal defendants; the *Darrow* suit also named a defendant class of Southdown's common shareholders. The *Cummings* case, filed before District Judge Hannay, is also a derivative suit brought by Southdown's preferred shareholders. These plaintiffs sought to rescind the transfer of certain assets by Southdown to Valhi accomplished before the spin-off, and to recover wrongful profits allegedly made by Mize and other members of the Southdown Board of Directors from transactions involving another Southdown subsidiary, the Pelto Oil Company.

In 1976, the plaintiffs and some of the defendants began negotiations towards a partial compromise and dismissal. After the notice of the proposed settlement was approved by the District Judges and sent to the approximately 12,000 security holders of Southdown, three parties objected, including Mize.[1] In July 1976, Judges Seals and Hannay entered final judgments approving the partial settlement agreement. The agreement dismissed most of the individual directors named as defendants, dismissed the defendant class of common shareholders, eliminated certain claims against Southdown, established a procedure where-

---

1. One of the objectors, Jean Appleman, who owned 50 shares of preferred stock, did not press her objection further before the District Court and we consider it abandoned. The other protesting party, Richard and Leland McCarthy, adopted Mize's objections. The McCarthy brothers are alleged to have engineered the Southdown-Valhi spin-off with Mize and are also continuing defendants in the *Darrow* and *Spalding* suits. They do not appeal from the judgment approving the settlement.

by nominees of the Protective Committee for the Responsible Management of Southdown would assume full control of the corporation, and provided for the reimbursement of plaintiffs' attorneys' fees. The settlement expressly preserves the principal claims for equitable and monetary relief against Mize, his corporation, and those alleged to have collaborated in the transactions under attack.[2]

 Out of the welter of defendants involved in this litigation and the 12,000 stockholders who were notified of the settlement, Mize and Addis alone appeal from the judgments approving the settlement. They do so not as defendants aggrieved by the judgment, but rather as security holders of Southdown.[3] We hold that on principles akin to standing, Mize and Addis cannot object to the settlement, and therefore affirm the judgments below.

Mize and Addis claim that the judgments approving the settlement agreement are tainted by the District Courts' failure formally to articulate the reasons in support of its approval; by omissions from the notice sent to shareholders and discrepancies between the notice and the terms of the agreement;[4] and by the inclusion in the

agreement of a provision requiring Southdown to reimburse the plaintiffs' attorneys' fees without a separate hearing on either the question of imposing the fees or the amount. With the exception of this final item, the appellants make no specific allegations that the substance of the settlement agreement is oppressive or onerous to Southdown or its shareholders.[5] Nor do they now urge that, given the abundant knowledge of the persons and plots each Judge gathered during the long pendency of these and related suits, the Courts below erred in failing to hold full evidentiary hearings before approving the settlement. The most likely injury to the company alleged to result from these defects, and the harm which we assume this appeal is meant to forestall, is that the judgments approving the settlement agreement will not be res judicata.

 We measure Mize's ability to object to the settlement agreement as a stockholder appealing on behalf of Southdown and its shareholders by asking whether he could have brought a derivative action in the first instance. See, e. g., *In re Pittsburgh & Lake Erie Rr. Co. Securities and Antitrust Litigation*, 3 Cir., 1976, 543 F.2d

---

2. The other major defendants are the McCarthy brothers. See note 1, *supra*.

3. Because Mize and Addis remain defendants in the suits, they cannot appeal the judgments as defendants aggrieved by its terms. The District Courts' judgments are not final under 28 U.S.C. § 1291 as to Mize and Addis. *Goldstein v. Andresen & Co.*, 5 Cir., 1972, 465 F.2d 972, 973, holds that a partial settlement among some plaintiffs and defendants is final "as to the rights and liabilities of the settling parties (none of whom seeks to appeal) because it effectively terminates the controversy among them." As to the parties among whom live controversies remain, such order is nonappealable because it does not end the litigation by finally determining the rights of those parties.

 Mize or Addis may, of course, appeal from any final judgment rendered in the portions of the suits left open for trial. However, such an appeal will not involve the validity of the settlement or the procedures followed in its approval.

4. The shareholders were sent a four-page notice describing the proposed settlement. A

copy of the settlement agreement itself was attached to the notice and sent as an exhibit.

5. Appellants claim that the discrepancies and omissions rendered the notice misleading in two respects. First, the settlement agreement stated that in the *Darrow* case, the representatives of the defendant class of common shareholders would be dismissed as settling defendants, but that new named representatives would be substituted. The notice, written subsequently, stated that the class itself would be dismissed. The class was dropped from the suit. Even if some stockholders were confused by the discrepancy, or believed that the class would remain in the case, the appellants can show no harm to the shareholders' interests by the dismissal of the defendant class. All the principal claims for relief remain alive against the nonsettling defendants.

 Second, the notice is alleged to be defective in its silence on the provision for attorneys' fees. While this objection is more troublesome than that raised above, for the reasons given below we do not attempt to decide whether any shareholders were misled by the alleged omission.

1058, 1064–68. The first question is whether Mize is a stockholder of Southdown within the meaning of F.R.Civ.P. 23.1.[6] Mize holds subordinated promissory notes in Southdown, some of which are convertible into common stock. A debentureholder, as a contract creditor of the corporation, has no ownership interest and therefore no derivative standing. E. g., *Dorfman v. Chemical Bank*, S.D.N.Y., 1972, 56 F.R.D. 363, 365. Whether a holder of convertible debentures has standing to assert claims derivatively is not free from doubt. *See generally* 3B Moore's Federal Practice, ¶ 23.1.-17, at 68–69, and cases cited therein. No Fifth Circuit case has directly addressed the question. Assuming, without deciding, that Mize's holdings give him sufficient interest in Southdown to assert claims in its behalf and on behalf of other shareholders, we still conclude that he and Addis cannot properly pursue this appeal.

■ We hold that the tenuousness of the harm to Southdown that Mize asserts on this appeal, in comparison to his own exposure to substantial personal liability in the continuing litigation, requires us to affirm the District Courts' approval of the settlement agreement. By this appeal, Mize attempts to occupy simultaneously the position of a defendant sued by the corporation and that of a shareholder seeking to advance the interest of this corporation. The equitable principles that form the basis for all stockholders' derivative suits preclude

Mize from assuming this contorted position. The conflict of interest flowing from his continuing involvement as a defendant and the obvious inequity of allowing this appeal further to delay the partial resolution of this complex litigation are readily apparent. As shareholders speaking on behalf of Southdown, Mize and Addis can show no injury suffered by the corporation by reason of the judgments approving the settlement. They can show great harm to their individual interests in the necessity of continuing to defend the derivative claims against them and the possibility that they will do so unsuccessfully. But this anxiety is wholly removed from their assumed role as apostles for Southdown.

■ These equity-based considerations are reinforced by more technical terms. Mize and Addis do not meet the requirement of Rule 23.1 that the stockholder-plaintiff in a derivative suit "fairly and adequately represent the interests of the shareholders . . . similarly situated . . . ." As this Court has recently held:

> While a plaintiff is not necessarily disabled to bring suit simply because some of his interests extend beyond that of the class, the court may take into account outside entanglements that render it likely that the representative may disregard the interests of the other class members.

*Blum v. Morgan Guaranty Trust Co.*, 5 Cir., 1976, 539 F.2d 1388, 1390.[7]

6. Rule 23.1 provides:

"In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members,

and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs."

7. In *Blum*, as here, the shareholder's stake in the suit filed on behalf of the corporation and similarly situated stockholders was substantially less than his stake in the outside, personal litigation. Like the District Court Judges who overruled Mize's objections to the settlement,

 Because Mize and Addis cannot properly represent the corporation or its shareholders and can therefore demonstrate no harm to the corporation resulting from the alleged defects in the settlement or the procedures by which it was approved, the judgments approving the settlement agreement remain unchallenged.

AFFIRMED.

we are also aware of Mize's involvement in other lawsuits based on some of the same transactions challenged by the *Darrow, Spalding,* and *Cummings* suits.