Barbara ZAROWITZ, Individually and
on behalf of those similarly
situated, Plaintiff,

and

Anthony Tammaro, Inc. Profit Sharing
Trust, Plaintiff–Appellee,

v.

BANKAMERICA CORPORATION, et
al., Defendants–Appellees,

v.

William T. POWERS,
Intervenor–Appellant.

No. 88–6049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 1988.

Decided Jan. 31, 1989.

See also 636 F.Supp. 419.

Julian A. Pollok, Pollok & Overby, Los
Angeles, Cal., for intervenor-appellant.

Sherrie R. Savett, Berger & Montague,
Philadelphia, Pa., for plaintiff-appellee.

Jerome H. Craig and Dennis M. Perluss,
Hufstedler, Miller, Kaus & Beardsley, Los
Angeles, Cal., Melvin Goldman, Morrison &
Foerster, San Francisco, Cal., for defend-
ants-appellees.

Before GOODWIN, Chief Judge,
SNEED and HUG, Circuit Judges.

PER CURIAM:

William T. Powers appeals a judgment approving the settlement of shareholder derivative actions against the officers and directors of BankAmerica Corporation (BAC). Powers, a BAC shareholder and an employee, asserts that the district court abused its discretion. We affirm.

Bank of America, a subsidiary of BAC, reported substantial losses in 1985 and 1986. These losses resulted from the Bank's lending and investment decisions in a world economy that failed to meet the bank's expectations. BAC shareholders have blamed the losses on mismanagement. The Bank has attributed some of the losses to its employees, such as Powers, whom it discharged in 1985.

The losses and the Bank's decision to terminate Powers' employment have produced two sets of lawsuits. One set began in a California state court with an action by the Bank against Powers and seven co-defendants, including the Bank's liability insurance carriers. The Bank sought $95 million in damages for losses incurred in transactions with the National Mortgage Equity Corporation (NMEC). Powers responded by filing a cross-complaint seeking $10 million for wrongful termination and defamation. Powers alleged that higher executives were attempting to shift the blame for the NMEC losses onto him and other lower-level employees.

The other set of lawsuits consists of class actions and derivative actions against BAC's officers and directors. Four federal class actions were separately filed but consolidated in the District Court for the Central District of California. Six derivative actions were separately filed but consolidated in the Central District of California. Five derivative actions were filed in the Delaware Chancery Court. Another derivative action was filed and dismissed in the Northern District of California and is now pending on appeal.

With the exception of Powers, all of the other plaintiffs have reached a comprehensive settlement agreement with the insurance company that provides officers and directors liability coverage to BAC and the Bank. Under the agreement, the insurer has agreed to pay $8.2 million to the Bank in the state court action against Powers and his co-defendants. The insurer also has agreed to pay $21.1 million to the BAC's shareholders in settlement of the federal class actions, and $39.25 million to BAC in settlement of the derivative actions originally filed in the Central District of California. The plaintiffs have agreed to dismiss their other actions.

Powers has attempted to block two of the settlements. First, he sought, unsuccessfully, to enjoin the insurance company from settling the Bank's action against him and his codefendants on grounds that a settlement would have an adverse effect on his damages action for wrongful termination. Second, Powers objected to the settlement of the derivative actions. When the district court approved the settlement over his objection, Powers filed this appeal as an objector.

The appellees contend that Powers has a conflict of interest with the other shareholders and therefore has no standing to object to the settlement of the derivative action. Powers contends that the district court did not hold the hearing and make the findings with respect to his objections as required for certain class actions by *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832 (9th Cir.1976).

The objections are not wholly unrelated. In determining whether a party has standing to object to a settlement of a derivation action, a number of courts have looked to the standard that they employ to determine whether the same shareholder could act as a representative plaintiff in the derivative action. *See, e.g., Darrow v. Southdown, Inc.*, 574 F.2d 1333, 1335 (5th Cir.), *cert. denied*, 439 U.S. 984, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978); *In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*, 543 F.2d 1058, 1067 (3d Cir.1976). Under this approach, an objector, in effect, claims to be better able to represent the shareholders than the representative plaintiffs who have decided to settle.

■ Rule 23.1 requires a representative plaintiff to represent the other shareholders "fairly and adequately." Under this standard, Powers could not serve as a representative plaintiff. His personal litigation strategy militates against any settlement. Powers' interests converge with the interests of BAC's shareholders in a few respects, but they diverge from them significantly in others. Powers' interest in increasing the value of his BAC stock through a larger derivative suit recovery is dwarfed by his interest in pursuing his litigation with the Bank.

We recognize that under the facts of this case Powers would not be qualified to serve as a representative plaintiff and that this disqualification appreciably impairs the strength and cogency of his objections. At the same time, we emphasize that it is not Powers' objection to the settlement, but his independent conflict of interest that brings his standing into question.

■ Powers seeks to undercut his representative infirmities by insisting that the district court did not comply with the requirements of *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832 (9th Cir. 1976). He says the court did not make findings of fact and conclusions of law on the record with respect to his objections.

We do not accept the full thrust of either the appellee's nostanding argument or the appellant's *Mandujano* assertions. The former, pushed too far, strips from an objecting shareholder his right to speak and be heard in opposition to a settlement, while the latter can afford a means of serving, for at least a limited period of time, interests not shared by the class, and even hostile to those of the class. We would prefer an intermediate position.

There is no need to decide exactly what showing a shareholder must make in order to have standing to object to a derivative settlement, however, because the district court in this case adequately protected the rights of the shareholders Powers purported to represent. The district court did hear his objections, and its response to them and to other aspects of the settlement were set forth in its findings of fact and conclusions of law.

To require the district court under the circumstances of this case to conduct a separate hearing with respect to the objections of Powers and to render separate and distinct findings would exalt the form by which the purpose of *Mandujano* might be served over the purpose itself. That purpose is to provide an objector a forum within which his objections can be expressed and argued. Powers was provided such a forum in this case. The purpose of *Mandujano* was served. The district court did not abuse its discretion in approving the settlement.

■ BAC and the plaintiffs have moved for sanctions against Powers. BAC correctly argues that this court has discretion to impose sanctions for bringing a frivolous appeal under Fed.R.App. 38. BAC also correctly points out that the court in *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986), considered a party's motives in determining whether to impose sanctions under Fed.R.Civ.P. 11.

There is circumstantial evidence that Powers appealed to cause a delay that would further his own claims. Not only was standing to object questionable, but he had no legal basis to support the objection. Nevertheless, it is not clear that he knew the weaknesses of his position. Too exuberant use of sanctions could chill some meritorious appeals. We therefore hesitate to exercise our discretion by imposing a sanction in this case, even though the appeal borders on the frivolous. Powers, in a counter move for sanctions against BAC, demonstrates a nearly classic example of chutzpah.

AFFIRMED.