[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12884

_____

TIANA HILL,
individually and as mother as next friend
of baby D.H. her minor child,

                                        Plaintiff-Appellant,

*versus*

CLAYTON COUNTY, GEORGIA,
CLAYTON COUNTY BOARD OF COMMISSIONERS,
VICTOR HILL,
Clayton County Sheriff; in his official and individual capacities,

                                        Defendants-Appellees,

CORRECTHEALTH CLAYTON LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05300-TWT

_____

Before JORDAN, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Tiana Hill, proceeding individually and on behalf of her deceased minor child, D.H., originally filed this lawsuit against five named defendants: (1) Clayton County, Georgia ("the County"); (2) the Clayton County Board of Commissioners ("the Board"); (3) Victor Hill, the Clayton County Sheriff; (4) CorrectHealth Clayton LLC ("CorrectHealth"); and (5) Dr. Charles Clopton. At this time, plaintiff Hill appeals only the district court's August 3, 2023 order as to certain claims against the County and Sheriff Hill.

## I. BACKGROUND

Plaintiff Hill is a former Clayton County Jail pretrial detainee who was pregnant while detained. In her first amended complaint, plaintiff Hill asserted nine federal and state claims related to the medical care (or lack thereof) she received while detained at the jail. CorrectHealth was the contractor responsible for providing

medical care to detainees.  Plaintiff Hill alleged that despite informing jail officials she was pregnant and repeatedly requesting care, the jail staff refused to send her to the jail infirmary for treatment or to the hospital when she was bleeding.  As a result, plaintiff Hill delivered the baby in the jail and four days later, her child died.

The district court dismissed (1) plaintiff Hill's claims against the Board and the unnamed defendants, and (2) most, but not all, of plaintiff Hill's claims against the County, Sheriff Hill, CorrectHealth, and Dr. Clopton.

Subsequently, plaintiff Hill, with the district court's approval, dropped CorrectHealth and Dr. Clopton from the action under Federal Rule of Civil Procedure 21.[1]  Plaintiff Hill then filed a second amended complaint against only two named defendants, the County and Sheriff Hill.

## II. MOTION TO ENFORCE SETTLEMENT AGREEMENT AS TO SECOND AMENDED COMPLAINT

After answering the second amended complaint, the County and Sheriff Hill moved to enforce a settlement agreement between plaintiff Hill and defendants CorrectHealth and Dr. Clopton.  The County and Sheriff Hill argued that (1) Section 1.2 of the settlement agreement required plaintiff Hill to amend the complaint to reflect

---

[1] Later on, the district court *sua sponte* amended its orders granting plaintiff Hill's Rule 21 motions to note that both defendants were being dismissed pursuant to both Rule 21 and Rule 41(a)(2).  *See* Fed. R. Civ. P. 41(a)(2).

the dismissal of all of her "medical and medical-related" claims, and (2) thus, plaintiff Hill was required to remove those claims against the County and Sheriff Hill from her second amended complaint.

### III. DISTRICT COURT'S ORDER

On August 3, 2023, the district court granted the County and Sheriff Hill's motion to enforce the settlement agreement. At the end of its order, the district court instructed the plaintiff to file an amended complaint removing the medical and medical-related claims against them, stating:

> The Plaintiff is ordered to comply with Section 1.2 of the Confidential Settlement Agreement by filing another amended complaint within 14 days from the date of this Order removing: (1) medical and medical-related (including mental health) claims, and (2) all medical claims of any kind derived from the delivery of medical care against Defendants, to include allegations of violation of civil rights based upon delivery of medical care against Defendants.

Despite this language in its order, the district court did not dismiss the second amended complaint or enter a final judgment in the case.

Moreover, plaintiff Hill did not file another amended complaint as allowed and directed by the district court. Rather,

plaintiff Hill filed a notice of appeal from the district court's August 3, 2023 order.[2]

## IV. DEFENDANTS' MOTION TO DISMISS APPEAL

The County and Sheriff Hill filed a motion to dismiss plaintiff Hill's appeal for lack of appellate jurisdiction. In their motion, the County and Sheriff Hill argue, among other things, that the district court's order was not a final decision that ended the litigation below. The defendants contend the medical claims remain pending in the district court because plaintiff Hill never filed an amended complaint removing them and the district court itself did not dismiss them.

Plaintiff Hill responds that the district court's order is final because it enforces the settlement agreement, and such an order is categorically final for purposes of appellate jurisdiction.

This Court carried the defendants' motion to dismiss with the case. The parties then briefed the merits.

## V. ANALYSIS

As a general matter, this Court's jurisdiction is limited to "final decisions of the district courts." *See* 28 U.S.C. § 1291. "A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."

---

[2] After plaintiff Hill appealed, the district court administratively closed the case but did not issue a judgment.

*Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (quotation marks omitted).

An order that disposes of fewer than all claims in an action or adjudicates the rights and liabilities of fewer than all parties is not final and appealable. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). Additionally, "an order that contemplates further substantive proceedings in a case is not final and appealable." *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018).

Here, the district court's August 3, 2023 order enforcing the settlement agreement between plaintiff Hill and defendant CorrectHealth is not final for purposes of our appellate jurisdiction. The district court did not dismiss the case or even anticipate dismissing the case in the future. Nor did the district court enter a final judgment.

Furthermore, the district court "contemplate[d] further substantive proceedings" in the case by directing plaintiff Hill to file another amended complaint. *See id.* The district court also did not specify which, if any, of plaintiff Hill's claims could remain following amendment. For these reasons, the district court has not ended the litigation before it, and we lack jurisdiction to review the district court's order.

Plaintiff Hill contends that orders enforcing a settlement agreement are final under § 1291. True, a district court order compelling or enforcing a settlement is final when it "amount[s] to a final disposition of the primary issue then existing between the

23-12884                Opinion of the Court                        7

parties." *Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972).[3] But when a district court order approving a settlement fails to "dismiss[] or br[ing] to judgment on the merits" all of the plaintiff's claims, the order "does not end the litigation by fully determining the rights of the parties and is therefore not appealable." *Goldstein v. Andresen & Co.*, 465 F.2d 972, 973 (5th Cir. 1972) (quotation marks omitted).

The County and Sheriff Hill's motion to dismiss this appeal for lack of jurisdiction is **GRANTED** and this appeal is **DISMISSED.**[4]

**APPEAL DISMISSED.**

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] Nothing herein expresses any opinion on the merits of this appeal as to the scope and effect of the terms of the "Confidential Settlement Agreement and Release" on plaintiff Hill's claims against the County and Sheriff Hill. At this juncture, the Court rules only that there is no final judgment, and thus the Court lacks appellate jurisdiction.